## Case No. 10,641.

PACHECO v. UNITED STATES.

[Hoff. Land Cas. 113.] [1]

District Court, N. D. California. Dec. Term, 1855.

### LAND CLAIMS—FREMONT'S CASE.

This claim entitled to confirmation under the ruling of the supreme court in U. S. v. Fremont [18 How. (59 U. S.) 30].

Claim for eleven leagues of land in Mariposa county, rejected by the board, and appealed by the claimant [Juan Perez Pacheco].

Stanly & King, for appellant.
S. W. Inge, U. S. Atty., for appellee.

HOFFMAN, District Judge. The claim in this case is founded on a grant made by Governor Micheltorena on the fourth of November, 1843.

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

It appears from the expediente, a copy of which is contained in the transcript, that one Mejia petitioned the governor on the twenty-sixth of September, 1843, for a grant of a tract of land lying at the base of the hillocks which penetrate into the valley of San Joaquin, with the same number of sitios as belonged to Francisco Rivero, to whom the government of the department had granted, but who had neglected to occupy it during two years from the date of his grant. The governor made the usual reference of this petition to the prefect and the secretary for information. The latter officer reported that the land had been granted to Francisco Rivero since 1841, but that inasmuch as the latter had failed to comply with the condition requiring him to build a house within one year, which should be inhabited, he (the secretary) was of opinion that he had forfeited his right to the land, and that it might be granted to Mejia, the petitioner. On the third of October, 1843, the governor ordered the title to issue in conformity with this report. In the decree of concession, which was made on the fourth of the ensuing month, the governor recites that, in consideration of the long period which has elapsed "without the land being occupied by Don Francisco Rivero, and without any news of the whereabouts of said individual, and inasmuch as the interested parties have the means of improving and occupying the land," he declares José M. Mejia and Juan Perez Pacheco owners of the tract known as San Luis Gonzaga, bounded by the rancho of Don Francisco Pacheco, by the bath called Padre Arroyo's Bath, by the river and the wild Indian country. In the third condition, the land is declared to be of the extent of eleven square leagues. The original document delivered to the parties is produced, and the genuineness of the signatures of the governor and secretary duly proved. It is in entire conformity with the decree of concession found in the expediente. By the testimony of José Abrego, it appears that for eight years previous to 1853 the rancho was in the possession and occupation of the petitioner; that he constructed and occupied several small houses by himself and those in his employment; that he also built several large corrals, and cultivated portions of the land during all that period. By the depositions of Rodriguez and Dias, taken in this court, it is shown that the land was occupied as soon as the hostility of the Indians permitted; that the rancho was peculiarly exposed to their depredations, being on the route most frequented by them in coming from the Tulares. The witness Dias states that he is unable to specify the precise time when the first settlement was effected, but knows that the land was occupied in 1847. It is obvious that there is no proof that the condition requiring a house to be built within the year was ever complied with by the grantees, and for the

want of such the board was of opinion that the claim should be rejected, more particularly as the claimants had obtained their grant on a denouncement founded on the neglect of the previous grantee to perform the very same condition which they failed themselves to fulfill. The proofs taken in this court show, however, an excuse for nonsettlement which was not offered to the board, and it is very doubtful whether in this case, even had the land been denounced to the Mexican government, it would have been regranted. It is worthy of observation, that in the decree of concession the governor states, not only that Rivero, the previous grantee, had failed to occupy the land within the year, but that the period of two years elapsed "without any news of the whereabouts of that individual." It may therefore be reasonably inferred that the land was forfeited, not merely in obedience to a rigorous rule which imposed that consequence as penalty for the nonperformance of the conditions, but because the governor was satisfied the grantee had abandoned his grant, and had, at all events, failed to show either an effort to fulfill or an excuse for not doing so. But whatever action the governor might have taken had this land been denounced as against the present claimants, no such proceeding was had, and the proof shows that a settlement was effected within less than two years from the date of the grant, and during the continuance of the former government.

The principles laid down in the case of U. S. v. Fremont [18 How. (59 U. S.) 30] apply therefore with great force to this case. For here there was not only no second denouncement, but the conditions were fully complied with during the existence of the Mexican authority; and the proofs show not only that there was no unreasonable delay or want of effort, but they absolutely repel the idea that the party had abandoned his claim before the Mexican power ceased to exist, and is now seeking to resume it from its enhanced value. It may also be observed that there is no reason to suppose that under the Mexican laws land could in any case be denounced after the conditions had been fulfilled, whether within or after the time limited in the grant. The remaining objection to this claim which is noticed in the opnion of the board is, that the grant is vague and general, and has never been located by competent authority. But by the testimony taken in this court, it appears that the natural objects mentioned in the grant are notoriously known, and the description is as accurate as could be given without a survey. On referring to the grant the boundaries seem to be indicated with some precision. The rancho of Francisco Pacheco, the bath of Padre Arroyo, and the river (San Joaquin) are all mentioned, and there seems no reason to doubt the statement of the witnesses that by means of

these calls the land can, without difficulty, be located. No other objections to this grant are stated in the opinion of the board, nor are any others raised on the part of the United States, the case having been submitted without argument or suggestion on the part of the appellees. A decree of confirmation must therefore be entered.